UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MCLEAN and
GAIL CLIFFORD,

        Plaintiffs,

vs.

        Case No. 09-CV-11239
        HON. GEORGE CARAM STEEH

COUNTRYWIDE HOME LOANS, INC.,
and FIFTH THIRD MORTGAGE COMPANY,

        Defendants.

_____/

## ORDER GRANTING DEFENDANT COUNTRYWIDE'S MOTION TO DISMISS (#13) AND GRANTING PLAINTIFFS LEAVE TO FILE AMENDED CLAIMS OF FRAUDULENT AND NEGLIGENT MISREPRESENTATION

    Defendant Countrywide Home Loans, Inc. moves to dismiss plaintiffs Brian McClean's and Gail Gifford's claims of an accounting, wrongful foreclosure, violations of the Truth in Lending Act ("TILA"), predatory lending, fraudulent misrepresentation, negligent misrepresentation, defamation of credit in violation of the Fair Credit Reporting Act ("FCRA"), rescission of notes and mortgages, reformation of notes and mortgages, violation of Michigan's Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), and usury.  Oral argument would not significantly aid the decisional process.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.  For the reasons set forth below, defendant Countrywide's motion to dismiss will be GRANTED. Plaintiffs will be GRANTED leave to file amended claims of fraudulent misrepresentation and negligent misrepresentation ONLY, to cure the failure to plead these claims with requisite specificity.

**I. Background**

Plaintiffs, husband and wife, filed their thirteen-count complaint in Michigan's Livingston County Circuit Court on February 17, 2009 alleging they purchased the real property commonly known as 5538 Arbor Bay Drive, Brighton, Michigan 48116 in 2006 for $1,550,000.00, with a $1,000,000.00 loan from Countrywide serving in the "senior" position, and a $400,000.00 loan from defendant Fifth Third Bank serving in the "junior" position. Plaintiffs allegedly provided $139,500.00 of their own funds towards the purchase price. Plaintiffs allege they could not afford the loan. Plaintiffs allege that the defendants fraudulently stated in a Uniform Loan Application that the plaintiffs made $5,200.00 per month leasing out residential properties. Plaintiffs allege they were promised that the financing scheme used by the defendants was intended to be temporary, and that plaintiffs would be able to refinance or sell the property if they could not make the loan payments.

Plaintiffs continue by alleging that defendants and other mortgage lenders, brokers, and servicers systematically inflated the market values of real properties in order to lend more money and sell the mortgage loans on the mortgage-backed securities market. Defendants allegedly made an unknown number of mortgage loans to borrowers who were unable to repay the loans. Plaintiffs allege property values plummeted when these loans were placed into default. Plaintiffs allege that, as a result, the value of their Brighton property suffered a precipitous decline, causing plaintiffs to owe more on their mortgage loans than the property is worth. Plaintiffs allege defendants Countrywide and Fifth Third Bank refused to modify the terms of their loans. Plaintiffs allege they are no longer able to make their mortgage payments, and cannot refinance the loans. Plaintiffs allege that they "have attempted for several months to resolve this matter . . . [,] [h]owever, Defendants have insisted that Plaintiffs must first default for two consecutive months before Defendants will do anything to modify the terms of the loans."

Defendant Countrywide removed the lawsuit to federal court on April 3, 2009 based

on both diversity jurisdiction[1], 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331, over plaintiffs' federal TILA claims. Countrywide filed the instant motion to dismiss on May 13, 2009.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a district court to assess in a motion to dismiss whether the plaintiff has stated a claim upon which relief may be granted. In making that assessment, the court must construe the pleadings in a light most favorable to the plaintiff and determine whether the plaintiff's factual allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965).

## III. Analysis

### A. Dismissal of Counts I, II, XII, and XIII

Plaintiffs do not dispute the representations in Countrywide's brief that plaintiffs stipulate to the dismissal of Count I seeking an accounting, Count II alleging wrongful foreclosure, and Count XII alleging usury in violation of M.C.L. §§ 438.31 et seq.. Plaintiffs also do not dispute that Count XIII alleging "TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION" does not allege a cause of action. See generally Fed. R. Civ. P. 65 (providing for preliminary injunctions and temporary restraining orders

---

[1] Plaintiffs are citizens of Michigan, while Countrywide is a citizen of New York, where it is incorporated, and California, where it has its principal place of business. Fifth Third Mortgage Company is allegedly a citizen of Ohio, where it is incorporated and has its principal place of business. See 28 U.S.C. § 1332(a) and (c)(1). The amount in controversy exceeds $75,000.00 exclusive of interest and costs. See 28 U.S.C. § 1332(a).

on motion). Accordingly, Countrywide's motion to dismiss will be granted as to Counts I, II, XII, and XIII. <u>Twombly</u>, 550 U.S. at 564; <u>Ass'n of Cleveland Fire Fighters</u>, 502 F.3d at 548. The remaining claims are Counts III and V alleging violations of the TILA, Count IV alleging predatory lending, Count VI alleging fraudulent misrepresentation, Count VII alleging negligent misrepresentation, Count VIII alleging defamation of credit in violation of the FCRA, Count IX seeking rescission of notes and mortgages, Count X seeking reformation of notes and mortgages, and Count XI alleging violation of the MBLSLA.

### B. Counts III and V - Violations of the TILA

Countrywide argues that the plaintiffs' TILA claims as alleged in Count III and V should be dismissed because: (1) 15 U.S.C. § 1639(b)(3) does not apply to Countrywide; (2) the claims are time-barred by the one-year statute of limitations set forth in 15 U.S.C. § 1640(e); and (3) plaintiffs are not entitled to rescission of their residential mortgage for a TILA violation, and to the extent the transaction was not a residential mortgage transaction, the three-year limitations period set forth in 15 U.S.C. § 1635(f) has expired. Countrywide also argues that plaintiffs are not entitled to equitable tolling of the statute of limitations because plaintiffs have not alleged that Countrywide took affirmative steps to conceal plaintiffs' cause of action, nor alleged that plaintiffs could not have discovered the cause of action in time despite exercising due diligence.

Plaintiffs counter that the value of their Brighton property and market conditions were misrepresented to them by Countrywide, and that dismissal based on the expiration of the statute of limitations would be improper absent discovery. Plaintiffs assert that their TILA claims accrued only after plaintiffs realized what Countrywide was doing to property values. Plaintiffs assert that their transaction qualifies as a "high risk" loan under the Home Ownership and Equity Protection Act ("HOEPA"), and therefore Countrywide may be held liable under 15 U.S.C. § 1639(h) for extending credit "without regard to the consumers'

4

repayment ability, including the consumers' current and expected income, current obligations, and employment."

**i.**

In Count III, plaintiffs allege violations of 15 U.S.C. §§ 1639(b)(3) and 1639(h), and seek damages as well as rescission and reformation.  15 U.S.C. § 1639(b)(3) provides:

> **(3) Modifications**
>
> The [Board of Governors of the Federal Reserve System] may, if it finds that such action is necessary to permit homeowners to meet bona fide personal financial emergencies, prescribe regulations authorizing the modification or waiver of rights created under this subsection, to the extent and under the circumstances set forth in those regulations.

Plaintiffs' claim in Count III that Countrywide violated this enabling legislation fails to state a plausible claim as Countrywide owed no duty to the plaintiffs under § 1639(b)(3). Countrywide is entitled to dismissal of this claim as a matter of law. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548.

15 U.S.C. § 1639(h) provides:

> **(h) Prohibition on extending credit without regard to payment ability of consumer**
>
> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title, based on the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

(emphasis added).  15 U.S.C. § 1602(aa) defines the "high interest" loans that qualify as "HOEPA loans" under the HOEPA amendments to the TILA[2]:

---

[2] "HOEPA . . . was enacted as an amendment to TILA to provide increased protection to consumers entering into high risk loans ("HOEPA loans") as defined under 15 U.S.C. § 1602(aa).  For those borrowers whose mortgages qualify as HOEPA loans, the creditor has an obligation to not extend credit [in violation of 15 U.S.C. § 1639].  Therefore, whether [the Defendant] owed a duty to the Plaintiff under § 1639(h) turns on whether the loan was a HOEPA loan." In re Vincent, 381 B.R. 564, 570 (Bankr. D. Mass. 2008).

> **(aa)(1)** A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, <u>other than a residential mortgage transaction</u>, a reverse mortgage transaction, or a transaction under an open credit plan, if –
>
> \*   \*   \*
>
> (B) the total points and fees payable by the consumer at or before closing will exceed the greater of –
>
> **(i)** 8 percent of the total loan amount; or
> **(ii)** $400.00.

(emphasis added). 15 U.S.C. § 1602(w) defines a "residential mortgage transaction":

> **(w)** The term "residential mortgage transaction" means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling <u>to finance the acquisition or initial construction of such dwelling</u>.

(emphasis added).

Plaintiffs have failed to allege a plausible claim that Countrywide violated § 1639(h) because the plaintiffs' Countrywide mortgage does not qualify as a HOEPA loan, being a "residential mortgage transaction" used by the plaintiffs to finance the acquisition of plaintiffs' residential dwelling in Brighton. Plaintiffs allege they purchased the Brighton home in 2006 by financing a $1,000,000.00 loan using Countrywide's "senior" mortgage. Plaintiffs do not dispute that the Brighton property is their residence, and that they used the Countrywide mortgage to purchase the home. Because the Countrywide mortgage was not a § 1602(aa) HOEPA loan, Countrywide owed no duty to the plaintiffs under § 1639(h). Plaintiffs argument that the points and fees they paid at closing met the standards of § 1602(aa)(1)(B) is of no consequence because their transaction was a "residential mortgage transaction" that does not qualify as a HOEPA mortgage. Countrywide is entitled to dismissal of the plaintiffs' § 1639(h) claim as a matter of law. <u>Twombly</u>, 550 U.S. at 564; <u>Ass'n of Cleveland Fire Fighters</u>, 502 F.3d at 548. With the dismissal of plaintiffs' claims under § 1639(b)(3) and § 1639(h), Countrywide is entitled to dismissal of Count III in its

entirety. Id.

### ii.

In Count V, plaintiffs allege that Countrywide provided "false interest rate, fee and monthly payment disclosures in connection with the closing of the mortgage loan transaction," and "did not provide Plaintiffs with a Notice of Right to Cancel[.]" Plaintiffs do not identify the specific TILA provision or Regulation that was allegedly violated. Count V seeks damages, rescission and reformation.

To the extent plaintiffs rely on "Regulation Z," 12 C.F.R. §§ 226.31, 226.32, and 226.34, plaintiffs' Countrywide mortgage transaction was a "residential mortgage transaction" that is not governed by Regulation Z. The disclosure requirements of 12 C.F.R. § 226.32 do not apply to "[a] residential mortgage transaction." 12 C.F.R. § 226.32(a)(2). See also § 226.31(c)(1) (requiring a creditor to "furnish the disclosures required by § 226.32 at least three business days prior to consummation of a mortgage transaction covered by § 226.32"); § 226.34(a)(4) (prohibiting a mortgage creditor from extending "credit subject to § 226.32 . . . without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment." Plaintiffs cannot prevail on Count V under Regulation Z as a matter of law. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548.

15 U.S.C. § 1635(a) does require a creditor to disclose a debtor's right to rescind a credit transaction involving the purchase of a principal dwelling within three business days of the transaction. 15 U.S.C. § 1638(a) requires a creditor to disclose in a credit transaction other than "an open end credit plan" the amount financed and the finance charge expressed as an "annual percentage rate." Construed in a light most favorable to the plaintiffs, plaintiffs' Count V claims that Countrywide "did not provide Plaintiffs with a Notice of Right to Cancel[,]" and made "false interest rate, fee and monthly payment

disclosures in connection with the closing of the mortgage loan transaction" state plausible claims under § 1635(a) and § 1638(a). Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548.

Turning to the issue of timeliness, 15 U.S.C. § 1640(e) provides in pertinent part that '[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation." Section 1640(e) bars only a plaintiff's suit for damages under the TILA, and not an asserted cause of action for rescission under 15 U.S.C. § 1635. McCoy v. Harriman Utility Bd., 790 F.2d 493, 496 (6th Cir. 1986). "Under § 1635, if the defined disclosures are made, the obligor has three days to rescind a credit transaction; if defined disclosures are not made, the obligor has a right to rescind up to three years after consummation of the transaction pursuant to 15 U.S.C. § 1635(f)." Id.

"[T]he statute of limitations for actions brought under 15 U.S.C. § 1640(e) is subject to equitable tolling in appropriate circumstances, and . . . for application of the doctrine of fraudulent concealment, the limitations period runs from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation." Jones v. TransOhio Savings Association, 747 F.2d 1037, 1043 (6th Cir. 1984). To prevail on a claim of fraudulent concealment, the plaintiff must show that: (1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." Jarrett v. Kassel, 972 F.2d 1415, 1423 (6th Cir. 1992).

Plaintiffs allege in their complaint that they "purchased the Property in 2006[.]" Attached to the complaint is a "Uniform Residential Loan Application" for "Amerifirst Mortgage Company" dated March 23, 2006. Attached to Countrywide's brief is a mortgage issued by Countrywide Home Loans, Inc. executed by plaintiffs Brian McLean and Gail Clifford on May 31, 2005. If a document is referred to in the pleadings and is central to the

claim, the document as attached to a motion to dismiss is considered a part of the pleadings for purposes of a Rule 12(b)(6) motion to dismiss. Armengau v. Cline, 7 Fed. App'x 336, 343 (6th Cir. 2001). Construing the pleadings in a light most favorable to the plaintiffs, the subject mortgage transaction involving Countrywide occurred on May 31, 2005.

Plaintiffs filed this lawsuit on February 17, 2009, three years and eight-and-a-half months after the mortgage transaction. Plaintiffs allege in Count V:

> 60. Plaintiff [sic] did not discover and could not discover, Defendants' violations of the [TILA] because the documents provided to Plaintiff were withheld from Plaintiffs and if they existed at all, were seriously misleading.

To the extent plaintiffs allege that the disclosures required by 15 U.S.C. § 1635(a) and 15 U.S.C. § 1638(a) were "withheld," such restates the claim that Countrywide failed to make the disclosures required by § 1635(a) and § 1638(a). Plaintiffs' alternative allegation that the disclosure of their right to rescind within three days of the transaction was "seriously misleading" is conclusionary and implausible. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Plaintiffs do not allege or explain in response to Countrywide's motion how the notice of the right to rescind within three days of the transaction was misleading. Plaintiffs' allegation that Countrywide provided "false interest rate, fee and monthly payment disclosures" that were "seriously misleading" fails to articulate why plaintiffs, as they were making their mortgage payments over three years, did not or could not discover by exercising due diligence that the disclosures were false. Jarrett, 972 F.2d at 1423. Plaintiffs have not alleged a plausible claim of fraudulent concealment. Id.; Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Given the plaintiffs' own knowledge of the disclosures they received from Countrywide, discovery is not warranted.

Construing the pleadings and evidence in a light most favorable to the plaintiffs,

plaintiffs have failed to allege a plausible claim of fraudulent concealment necessary to equitably toll the one-year statute of limitations in 15 U.S.C. § 1640(e) governing the recovery of damages, or the three-year limitations period in 15 U.S.C. § 1635(f) governing rescission. In that plaintiffs claims were filed on February 17, 2009, and the subject mortgage transaction was consummated more than three years earlier on May 31, 2005, Countrywide is entitled to dismissal of Count V as time-barred as a matter of law.

### C. Count IV - Predatory Lending

Countrywide moves to dismiss the plaintiffs' claim of predatory lending arguing Michigan does not recognize such a claim. Plaintiffs rely on In re First Alliance Mortgage Co., 471 F.3d 977, 984 (9th Cir. 2006) and Associates Home Equity Services, Inc. v. Troup, 343 N.J. Super. 254, 778 A.2d 529 (Super. Ct. 2001) for the proposition that, "[a]lthough there is no case in Michigan that has analyzed one way or another whether "Predatory Lending" is a viable cause of action, based on the foregoing [discussion of In re First Alliance and Associates Home Equity, supra,], it should be." In re First Alliance was decided under California tort law governing aiding and abetting fraud. In re First Alliance, 471 F.3d at 983. Associates Home Equity was decided under New Jersey statutes known as the Consumer Fraud Act and the Law Against Discrimination, as well as the federal Fair Housing Act and Civil Rights Act. Associates Home Equity, 343 N.J. Super. at 262. These cases do not support a finding that Michigan recognizes an independent claim of "predatory lending." Sitting in diversity, this court is required to decide an issue of state law as would the highest court of the state. Combs v. International Ins. Co., 354 F.3d 568, 577 (6th Cir. 2004). Plaintiffs have failed to proffer authority to support a conclusion that the Michigan Supreme Court would recognize an independent tort claim of "predatory lending." Plaintiffs are entitled to dismissal of Count IV as a matter of law. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548.

## D. Counts VI and VII - Fraudulent and Negligent Misrepresentation

Countrywide moves to dismiss the plaintiffs' claims of fraudulent and negligent misrepresentation for failing to plead the claims with particularity as required by Federal Rule of Civil Procedure 9(b). Further, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff's pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Ass'n of Cleveland Fire Fighters, 502 F.3d at 548 (quoting Bell Atlantic, 127 S. Ct. at 1964-65).

Count VI, fraudulent misrepresentation, alleges that "Defendant" provided "false property value and payment disclosures," that "Defendant" made "false material misrepresentations by representing that property values on the mortgage market were much greater than they actually were," and that "Defendants further knew or were reckless to the truth without knowledge that true property values were not reflective of the value of the loans being made[.]" Count VII, negligent misrepresentation, alleges that "Defendant prepared the information relating to the values of the Property, payment amounts on the Notes and Mortgages, whether Plaintiffs could refinance or sell the Property and closing costs without reasonable care as to their truth or falsehood."

To meet the particularity requirements of Rule 9(b), the plaintiff must "specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Frank v. Dana Corp., 547 F.3rd 564, 569-570 (6th Cir. 2008). Plaintiffs' allegations in Counts VI and VII fail to meet these requirements. At best, the allegations constitute recitations of the elements of fraudulent misrepresentation and negligent misrepresentation, and are thus insufficient to survive Countrywide's motion to dismiss. Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Countrywide is entitled to dismissal of Counts VI and VII as matter of law. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire

Fighters, 502 F.3d at 548.

### E. Counts VII, IX, X, and XI

Countrywide moves to dismiss Count VII alleging violations of the FCRA, Counts IX and X alleging rescission and reformation, and Count XI alleging violations of the MBLSLA. Plaintiffs have not responded to Countrywide's motion to dismiss these claims. Count IX alleging violations of the FCRA fails to identify a particular provision of the FCRA that has been violated, and alleges only that "Defendants have or will make derogatory reports on Plaintiffs' credit reports that are patently untrue." Counts IX and X alleging, respectively, rescission and reformation of notes and mortgages are based on conclusionary allegations of unconscionability and fraud. Count XI alleging violations of M.C.L. § 445.1672 of the MBLSLA are also based on conclusionary allegations of fraud. Consistent with the court's ruling that plaintiffs have failed to allege an actionable claim of fraud, and the rule that more than mere labels and conclusions in a pleading are required to survive a motion to dismiss, Countrywide is entitled to dismissal of Counts VII, IX, X, and XI as a matter of law. Twombly, 550 U.S. at 564; Ass'n of Cleveland Fire Fighters, 502 F.3d at 548.

### IV. Request to Amend Counts VI and VII

Plaintiffs argue in their closing sentence that "[i]n the event that the Court finds that fraudulent representation and negligent misrepresentation were not pled with the required specificity, Plaintiffs should be allowed to amend their Complaint to plead these causes of action with greater specificity." Leave to amend is to be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). The rule particularly applies where the complaint fails to plead fraud with the particularity required by Rule 9(b). Keweenaw Bay Indian Cmty. v. State of Michigan, 11 F.3d 1341, 1348 (6th Cir. 1993). Plaintiffs will be granted leave to file amended claims of fraudulent and negligent misrepresentation as alleged in Counts VI and VII, to plead these claims with greater specificity.

## V. Conclusion

Defendant Countrywide's motion to dismiss is hereby GRANTED. Plaintiffs Brian McClean's and Gail Gifford's claims as alleged in the February 17, 2009 Complaint are hereby DISMISSED in their entirety. Plaintiffs are hereby GRANTED leave to file amended claims of fraudulent misrepresentation and negligent misrepresentation ONLY, to cure the Rule 9(b) defects in Counts VI and VII as alleged in the February 17, 2009 Complaint. Plaintiffs shall file their amended Counts VI and VII on or before September 18, 2009. Failure to timely file the amended claims of fraudulent misrepresentation and negligent misrepresentation will result in the dismissal of these claims as futile, and dismissal of Countrywide from this lawsuit.

SO ORDERED.

Dated: August 27, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 27, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk